UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEZEKIAH EDWARDS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>J. SOTO, Warden,<br><br>　　　　Respondent. | Case No. 5:14-cv-05622-PSG<br><br>**ORDER TO SHOW CAUSE** |

Hezekiah Edwards, a state prisoner proceeding with the assistance of counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Edwards has paid the filing fee.[2] The court orders Respondent J. Soto to show cause why the petition should not be granted based on Edwards's cognizable claims.

**I.**

Edwards was convicted in state court after a jury found him guilty of two counts of murder with special circumstances and one count of attempted murder.[3] He was sentenced to life without possibility of parole.[4] Following an appeal, the California Supreme Court denied review.[5]

---

[1] *See* Docket No. 1.

[2] *See id.*

[3] *See id.* at ¶ 1.

[4] *See id.*

[5] *See id.* at ¶ 2.

Case No. 5:14-cv-05622-PSG
ORDER TO SHOW CAUSE

1

## II.

This court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[6]

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."[7]  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.[8]

## III.

Edwards claims that (1) there was insufficient evidence to support his conviction for murder, and that the conviction therefore violates his Fifth and Fourteenth Amendment rights to due process and to have all elements of the crime proven beyond a reasonable doubt; and (2) his convictions for murder were unlawful because they were based on the uncorroborated testimony of an accomplice, in violation of his Fifth and Fourteenth Amendment rights to due process. When liberally construed, these claims are cognizable, and the court orders Soto to show cause why the petition should not be granted as to these claims.

## IV.

The Clerk shall serve a copy of this order, the petition with all attachments and a magistrate judge jurisdiction consent form on Soto and Soto's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Edwards.

Soto shall file with the court and serve on Edwards, within 60 days of the date this order is

---

[6] 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

[7] 28 U.S.C. § 2243.

[8] *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

2

Case No. 5:14-cv-05622-PSG
ORDER TO SHOW CAUSE

1  filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,
2  showing cause why a writ of habeas corpus should not be granted.  Soto shall file with the answer
3  and serve on Edwards a copy of all portions of the underlying state criminal record that have been
4  transcribed previously and that are relevant to a determination of the issues presented by the
5  petition.  If Edwards wishes to respond to the answer, he shall do so by filing a traverse with the
6  court and serving it on Soto within 30 days of the date the answer is filed.

7  Soto may filed a motion to dismiss on procedural grounds in lieu of an answer, as set forth
8  in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases, within 60
9  days of the date this order is filed.  If Soto files such a motion, Edwards shall file with the court
10  and serve on Soto an opposition or statement of non-opposition within 28 days of the date the
11  motion is filed, and Soto shall file with the court and serve on Edwards a reply within 14 days of
12  the date any opposition is filed.

13  It is Edwards's responsibility to prosecute this case.  Edwards is reminded that all
14  communications with the court must be served on Soto by serving a true copy of the document to
15  Soto's counsel.  Edwards must keep the court and all parties informed of any change of address by
16  filing a separate paper captioned "Notice of Change of Address."  He must comply with the
17  court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
18  failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: December 11, 2015

PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:14-cv-05622-PSG
ORDER TO SHOW CAUSE

3